UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE RASKIN,<br><br>    Plaintiff,<br><br>    v.<br><br>BAUSCH & LOMB INC.,<br><br>    Defendant. | Case No. 24-cv-06442-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 26 |

This is a putative consumer class action regarding the failure to warn of excessive zinc intake on the label of an eye health supplement. Defendant Bausch & Lomb, Inc.'s ("Bausch & Lomb") motion to dismiss was heard before this Court on March 6, 2025. Having read the papers filed by the parties and carefully considered their arguments therein and those made at the hearing, as well as the relevant legal authority, the Court hereby **GRANTS** Bausch & Lomb's motion for the following reasons.

## I.   BACKGROUND

Defendant Bausch + Lomb, Inc. ("Bausch & Lomb") a New York corporation with its principal place of business in Rochester, New York. FAC ¶ 3. Bausch & Lomb "manufactured, distributed, and/or sold" PreserVision AREDS 2 ("PreserVision"), "a nutritional supplement [] intended to prevent and/or slow the progression of age-related macular degeneration." FAC ¶¶ 2, 12. By design, PreserVision's daily dose of 80 mg of zinc is over 700% of the recommended dietary allowance of eight (8) mg per day. FAC ¶¶ 13, 22.

Beginning July 2018, Plaintiff Valerie Raskin began purchasing and taking PreserVision twice daily, seven days a week, as recommended by the label on its packaging. FAC ¶ 23. She did this for nearly four years, until 2022, when she was diagnosed with copper deficiency

1  myelopathy. FAC ¶ 23. On May 23, 2022, Raskin's treating neurologist informed her that the
2  cause of her copper deficiency myelopathy and all its associated symptoms was excess zinc
3  consumption from the PreserVision supplement she took to prevent macular degeneration. FAC
4  ¶ 25.

5  In this case, a putative class action, Raskin advances a single cause of action for violation
6  of California's Unfair Competition Law ("UCL"). *See* Cal. Bus. & Prof. Code § 17200. Raskin
7  alleges that Bausch & Lomb's marketing of PreserVision was both "unfair and unconscionable"
8  and "fraudulent and deceptive" under the UCL, in that it "failed to disclose or warn that it posed
9  significant risks of substantial physical injury resulting from the use of" PreserVision. FAC ¶¶ 29-
10 31. Raskin claims that, without Bausch & Lomb's "unfair and fraudulent conduct, Plaintiff and
11 Class Members would not have purchased PreserVision or would have paid less for it." FAC ¶ 32.

12 Prior to filing this action, Raskin filed another case against Bausch & Lomb, captioned
13 *Raskin, et al. v. Bausch & Lomb, Inc.*, et al., No. 3:24-CV-04879 (N.D. Cal.) ("the individual
14 action"). In the individual action, Raskin makes the same claims as the claims at issue in this
15 case – she alleges that Bausch & Lomb knowingly failed to warn Raskin and other consumers of
16 "any risks associated with excess zinc consumption," and that she was injured as a result of that
17 failure. *Compare* Individual Action FAC ¶¶ 9-26, 31-54 *with* FAC ¶¶ 12-26, 29-32. The Court
18 found this putative class action related to the individual action and ordered it reassigned for joint
19 consideration. ECF 17.

20 **II.    DISCUSSION**

21 Bausch & Lomb moves to dismiss the operative pleading in this putative class action. ECF
22 26 ("Mot."). Bausch & Lomb argues (1) Raskin's claim for relief under California's Unfair
23 Competition Law ("UCL") is insufficiently pleaded, (2) Raskin's claim for equitable relief cannot
24 stand, and (3) this putative class action, brought after and separately from the individual action,
25 fails under the doctrine of claim splitting. After setting forth the standard of review for a motion
26 to dismiss, the Court only reaches Bausch & Lomb's third argument because it finds that claim
27 splitting precludes this later-filed action.
28

**A.    Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679.

Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document. *See Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The court may consider matters that are properly the subject of judicial notice, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), and may also consider documents referenced extensively in the complaint and documents that form the basis of the plaintiffs' claims. *See No. 84 Emp'r-Teamster Jt. Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 n.2 (9th Cir. 2003). If dismissal is warranted, it is generally without prejudice, unless it is clear that the complaint cannot be saved by any amendment. *Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005).

3

### B. Claim Splitting

Bausch & Lomb argues in part that Raskin cannot split her claims for relief across her individual action and this later-filed putative class action, both of which are premised on Bausch & Lomb's allegedly tortious conduct and the harm she suffered as a result of purchasing and taking PreserVision. Mot. at 12-16. "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022) (internal quotation marks omitted). In *Mendoza*, the Ninth Circuit clarified, "[t]o determine when such improper claim-splitting is present, we borrow from the test for claim preclusion. Under the federal claim-preclusion principles that apply in these federal-question-based suits, the bar of claim-splitting is applicable if the second suit involves (1) the same causes of action as the first; and (2) the same parties or their privies." *Mendoza*, 30 F.4th at 886 (citations and quotation marks omitted).

"To ascertain whether successive causes of action are the same" in the context of claim-splitting, courts "use the transaction test, developed in the context of claim preclusion." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007), overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.* at 689. Courts examine four criteria when applying the transaction test: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Id.* at 689. The Ninth Circuit has "often held the common nucleus criterion," the last of these criteria, "to be outcome determinative." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005). "In most cases, the inquiry into the same transactional nucleus of facts is essentially the same as whether the claim could have been brought in the first action." *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012) (internal quotation omitted).

4

Bausch & Lomb avers that Raskin has engaged in claim splitting because the instant putative class action is essentially duplicative of the personal injury lawsuit she filed earlier with her husband. Mot. at 12-16. Here, the two cases involve the same parties – the individual action includes an additional plaintiff, Raskin's husband, as well as additional defendants, PreserVision retailers. *See* Individual Action FAC. This factor supports a finding of claim splitting. *Mendoza*, 30 F.4th at 886. The Court thus turns to the transaction test to "ascertain whether successive causes of action are the same." *Adams*, 487 F.3d at 689.

Raskin contends that her pursuit of different remedies under distinct theories of relief establishes that the two cases involve separate causes of action such that claim splitting does not apply. Opp. (ECF 30) at 16-17. Raskin argues that, in the individual action, her personal injury claim seeks compensatory damages for injuries she suffered as a result of consuming PreserVision. *See* Opp. at 16 (citing Individual Action, FAC at 9). Raskin contrasts that remedy with the one sought in this putative class action, where her UCL claim seeks restitution for the amount she and class members paid to purchase PreserVision on fraudulent and unfair grounds. Opp. at 16-17 (citing FAC ¶ 32). But even if the Court viewed the remedies sought in the two lawsuits as distinct, Raskin fails to address the remaining transaction test criteria. *Cf. Adams*, 487 F.3d at 689.

The case at bar and the individual action both concern the same transactional nucleus of facts – the "most important" factor in deciding whether suits are duplicative for claim-splitting purposes. *Adams*, 487 F.3d at 689. Indeed, even if two cases "involve[] somewhat different legal theories and a somewhat broader range of related conduct and damages[,]" that "does not alter the underlying fundamental identity of the suits under" the *Adams* transaction test. *Mendoza*, 30 F. 4th at 887 (citing *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481 n.22 (1982) ("Res judicata has recently been taken to bar claims arising from the same transaction even if brought under different statutes.")). Although this putative class action is brought under the UCL and the individual action is brought under theories of personal injury, the suits share nearly identical factual allegations related to (1) the product at issue, (2) the risk it poses to consumers, and (3) Bausch & Lomb's alleged disclosures or omissions related to its PreserVision products.

5

*Compare* Individual Action FAC ¶¶ 9-26 *with* FAC ¶¶ 12-26.  The two cases thus share a common nucleus of operative facts despite the distinction between the claims and remedies pursued.  Moreover, these two cases raise indistinguishable medical and scientific questions, such as the appropriate measure of the risks likely to result from the recommended dosage of the supplement, meaning the evidence in both actions will be essentially the same.  Based on these factors and the fundamental similarity between the cases, the Court finds that Raskin has engaged in claim splitting.

### C. Dismissal With Prejudice

Having found Raskin's UCL claim in this later-filed putative class action to result from improper claim splitting, the Court must turn to assess the proper outcome.  "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions."  *Adams*, 487 F.3d at 688.  "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation."  *Id.* at 692.

At the hearing, Raskin requested that, if the Court found she improperly split her claims across two separate actions, the Court consolidate the cases rather than dismiss the putative class action.  However, the Court earlier considered the propriety of consolidating this putative class action with the earlier-filed individual action and found consolidation impractical.  *See* ECF 39.  The Court finds no reason to change course and consolidate at this stage.  Raskin had the opportunity to advance all her claims arising from the purchase and use of PreserVision in a single lawsuit, but she instead attempted to litigate on parallel tracks, filing this putative class action several weeks after initially filing the individual action.  *Compare* Individual Action, Notice of Removal (ECF 1), *with* Putative Class Action, Notice of Removal (ECF 1).  Parallel litigation of claims that could have been brought in the same lawsuit is exactly the conduct the doctrine of claim splitting is meant to prevent.  *See Mendoza*, 30 F.4th at 886.  The Court thus exercises its discretion and dismisses Raskin's individual claims in the later-filed putative class action with

1  prejudice, and the Court dismisses the claims of the putative class without prejudice to litigation
2  by another putative class representative.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Bausch & Lomb's motion to dismiss Raskin's claims with prejudice, and the class's claims without prejudice to litigation by another putative class representative. The Court will hold a status conference at 10:00 a.m. on August 14, 2025, to discuss Plaintiff's counsel's plan for the next steps in the case.

**IT IS SO ORDERED.**

Dated: June 12, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

7